IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUZANNE HALLIHAN and MICHAEL HALLIHAN, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:15-CV-01068-NJR-SCW<br>)<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Defendant Progressive Direct Insurance Company's Motion to Dismiss Plaintiffs' Complaint (Doc. 25).

### FACTUAL & PROCEDURAL BACKGROUND

Defendant Progressive Direct Insurance Company ("Progressive") offers Underinsured Motorist ("UIM") coverage in the State of Illinois in various amounts (Doc. 1-2, ¶10). Prior to January 1, 2015, the minimum amount of UIM coverage a consumer could purchase was $20,000 per person/$40,000 per accident (*Id.*). On January 1, 2015, the minimum coverage increased to $25,000 per person/$50,000 per accident (*Id.*).[1] The minimum UIM coverage available is equal to the minimum limits required in

---

[1] The Court will refer to Progressive's $20,000 per person/$40,000 per accident and $25,000 per person/$50,000 per accident coverage as Progressive's "minimum UIM coverage."

Illinois for bodily injury liability under its Financial Responsibility Law (*Id.*, ¶9). *See* 625 ILCS 5/7-203.

Suzanne Hallihan and Michael Hallihan ("Plaintiffs") purchased an insurance policy through Progressive that included the minimum UIM coverage with limits of $20,000 per person/$40,000 per accident (*Id.*, ¶18). The Policy defines "underinsured motor vehicle" as a "vehicle … to which a bodily injury liability bond or policy applies at the time of the accident, but the sum of all applicable limits of liability for bodily injury is less than the coverage limit for Uninsured/Underinsured Motorist Bodily Injury Coverage shown on the declarations page." (*Id.*, ¶ 12).

On July 25, 2014, Suzanne Hallihan submitted a formal written demand for UIM coverage arising out of an accident on November 14, 2011 (*Id.*, ¶21). The written demand stated that "[t]he underinsured motorist's insurer State Farm paid their entire policy limit of $100,000 to Ms. Hallihan." (Doc. 25-3). On July 29, 2014, Progressive denied Suzanne Hallihan's claim, stating: "Since the Bodily Injury liability coverage available exceeds the Underinsured Motorist Coverage available, the vehicle occupied by Suzanne Hallihan would not meet the definition of an 'Underinsured motor vehicle' as defined." (Doc. 1-2, ¶ 22).

On July 30, 2015, Plaintiffs, on behalf of themselves and all others similarly situated, filed a three-count class action complaint ("Complaint") (Doc. 1-2) against Progressive in the Circuit Court of St. Clair County, Illinois, alleging fraudulent misrepresentation and/or omission, unjust enrichment, and a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act in relation to Progressive's sale of

policies containing minimum UIM coverage. (Doc 1-2, p. 7-10). Plaintiffs assert that Progressive's minimum UIM coverage is "wholly illusory" since the coverage limits are equal to the bodily injury liability coverage required in Illinois. Plaintiffs' claim hinges on the argument that a Progressive customer with the minimum UIM coverage "would necessarily be excluded from making an Underinsured claim under the policy" because another driver would have either the same minimum coverage, such that the UIM provision would not be triggered, or the driver would be considered "uninsured" and would instead trigger the "uninsured motor vehicle" language of the policy. (*Id.*, ¶ 14). As a result, Plaintiffs claim, in no circumstance could a customer with the minimum UIM coverage ever actually trigger his or her coverage (*Id.*, ¶ 15). Nevertheless, according to the Complaint, Progressive continues to sell UIM coverage equal to the minimum coverage for bodily injury liability required in Illinois, thereby charging customers for coverage that is "wholly illusory" (*Id.*, ¶ 16).

Plaintiffs' Complaint seeks to certify a class of "[a]ll persons in the State of Illinois who purchased Minimum Underinsured Motorist Coverage offered by Progressive, its subsidiaries, agents and affiliates which use policies containing the language, or substantially similar language, set forth herein." (*Id.*, ¶ 23). Plaintiffs request statutory and common law damages, punitive damages, attorney fees, disgorgement of revenues gained from the sale of the contested UIM policies and funds not paid on claims made against the policies, and an order permanently enjoining Progressive from continuing to offer UIM coverage in its current form.

Progressive filed this Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing the Complaint fails as a matter of law because Progressive's minimum UIM coverage is not illusory, Progressive properly denied Plaintiff Suzanne Hallihan's UIM claim, and Progressive did not engage in any deceptive or unfair practice. Progressive also argues Plaintiffs have failed to allege facts stating a claim for fraudulent misrepresentation and/or omission, for unjust enrichment, or for a violation of the Illinois Consumer Fraud Act.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). Dismissal of an action under this motion is warranted if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not include detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Id.* at 555. The plaintiff must "plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "In reviewing the sufficiency of a complaint under the plausibility standard, [a court must] accept the well-pleaded facts in the complaint as true, but [it] 'need not accept as true legal conclusions, or threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

When ruling on a motion to dismiss, a federal court may consider documents attached to the pleadings without converting the motion to dismiss into a motion for summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997); FED. R. CIV. P. 10(c).

## ANALYSIS

**A. CAFA Jurisdiction**

The Court first reviews the issue of jurisdiction to ensure the case is properly before it. Progressive removed this putative class action to this Court from the Circuit Court of St. Clair County, Illinois, under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453 (Doc. 1). CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is $5,000,000 or more, aggregating all claims and exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).

Plaintiffs' Complaint alleges that Suzanne Hallihan and Michael Hallihan are citizens of the State of Illinois (Doc. 1-2, ¶ 4). Progressive is incorporated in and has its principal place of business in Ohio; therefore, it is a citizen of Ohio (Doc. 11, ¶ 7). Accordingly, minimal diversity of citizenship exists under CAFA.

The required class size is also present. Plaintiffs seek to bring the action on behalf of a putative class of "all persons in the State of Illinois who purchased Minimum Underinsured Motorist Coverage offered by Progressive, its subsidiaries, agents and affiliates, which use policies containing the language, or substantially similar language" (Doc 1-2, ¶ 23). Plaintiffs' Complaint estimates that Progressive issued thousands of policies that included minimum UIM coverage in the State of Illinois (*Id.*, ¶ 24). Progressive and its affiliates in fact issued 161,077 policies in the State of Illinois with minimum UIM coverage from July 30, 2010, to December 31, 2014 (Doc. 1-1, ¶ 4). Progressive also has issued or renewed an unknown number of policies in the State of Illinois with minimum UIM coverage since January 1, 2015 (Doc. 1). Thus, the proposed class consists of more than 100 members.

Finally, CAFA's amount in controversy requirement is satisfied. Progressive earned $4,537,258 in premiums for the 161,077 policies issued between July 30, 2010, and December 31, 2014, containing minimum UIM coverage (Doc. 1-1, ¶ 5). Progressive earned additional premiums for the unknown number of policies issued since January 1, 2015, containing minimum UIM coverage. Thus, the potential actual damages of more than $4,537,258, combined with Plaintiffs' prayer for disgorgement of "funds not paid on claims made against the policies," punitive damages, attorneys' fees, and an order permanently enjoining Progressive from continuing to offer UIM coverage in its current form brings the amount in controversy well over the required $5,000,000. *See Keeling v. Esurance Ins. Co.*, 660 F.3d 273 (7th Cir. 2011).

### B. Motion to Dismiss

The Court next addresses Progressive's argument that the Complaint must be dismissed because the minimum UIM coverage purchased by Plaintiffs is not "wholly illusory;" thus, Plaintiffs' claims must fail. Relying on *Cummins v. Country Mutual Insurance Company*, Progressive asserts that circumstances exist where Plaintiffs can recover under their minimum UIM coverage. For example, if an insured suffers injuries in excess of an at-fault driver's bodily injury policy coverage, but receives less than his or her UIM policy limits due to the presence of multiple claimants, the insured would be entitled to seek the difference between the amount actually recovered and the limits of the UIM insurance. *See Cummins v. Country Mut. Ins. Co.*, 687 N.E.2d 1021, 1026-27 (Ill. 1997) (whether an automobile is an underinsured motor vehicle is determined by comparing the amount of UIM coverage to the amount of liability coverage *actually recovered* from the at-fault driver). As a result, the coverage is not illusory. Plaintiffs respond that *Cummins* is no longer good law because it applies an earlier version of the statutory definition of "underinsured motorist vehicle" in Illinois and has been gutted by subsequent decisions. The Court disagrees that *Cummins* is inapplicable to this case.

In *Cummins*, the plaintiff suffered injuries in an automobile accident and sustained more than $50,000 in damages. *Id.* at 1023. At the time of the accident, the plaintiff was covered by an insurance policy through Country Mutual Insurance Company that provided UIM benefits in the amount of $50,000 per person and $100,000 per accident. *Id.* The at-fault driver had insurance with identical liability limits of $50,000 per person and $100,000 per accident. *Id.* The plaintiff ultimately settled with the at-fault

driver for $35,000, with the balance of the liability proceeds going to other injured passengers. *Id.* The plaintiff then sought from Country Mutual Insurance Company the $15,000 difference between the $35,000 he received and the $50,000 limit of his UIM coverage. *Id.*

In determining whether the plaintiff was entitled to the difference between the amount he received from the at-fault driver and his UIM policy limits, the Illinois Supreme Court analyzed the terms of the policy in light of the underinsured motorist provision of the Illinois Insurance Code, 215 ILCS 5/143a-2(4). *Id.* at 1024. The plaintiff's policy defined "underinsured motor vehicle" as "any type of *motor vehicle* or trailer for which the **sum of all liability bonds or policies** at the time of an accident are **less than the limit of this insurance**." *Id.* at 1024 (emphasis in bold added; italics in original). The Illinois Insurance Code provided:

> (4) For the purpose of this Code the term "underinsured motor vehicle" means a motor vehicle whose ownership, maintenance or use has resulted in bodily injury or death of the insured, as defined in the policy, and for which the sum of the limits of liability under all bodily injury liability insurance policies or under bonds or other security required to be maintained under Illinois law applicable to the driver or to the person or organization legally responsible for such vehicle and applicable to the vehicle, is less than the limits for underinsured coverage provided the insured as defined in the policy at the time of the accident. The limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage, *less those amounts actually recovered under the applicable bodily injury insurance policies, bonds or other security maintained on the underinsured motor vehicle.*

*Id.* (citing 215 ILCS 5/143a-2(4) (1992)). Thus, while the policy defined an underinsured motor vehicle as one whose *limits* of liability were less than the *limits* of the insured's UIM coverage, the Insurance Code defined an underinsured motor vehicle as one whose

*limits* of liability—*less the amount actually recovered* from the at-fault driver—were less than the *limits* of the insured's UIM coverage. Accordingly, the Illinois Supreme Court interpreted 215 ILCS 5/143a-2(4) to mean that to the extent the amount of liability insurance *actually recovered* is less than the amount of UIM coverage, the liable driver is considered underinsured, and the injured party is entitled to UIM benefits. *Id.* at 1025.

In this case, Progressive asserts that, under *Cummins*, any UIM claim submitted to Progressive must be evaluated by comparing the amount the insured *recovered* from the at-fault driver to the insured's UIM policy *limit*, not by comparing the at-fault driver's bodily injury policy *limit* to the insured's UIM *limit*. Therefore, if Plaintiffs or other putative class members suffer injuries in excess of an at-fault driver's bodily injury liability coverage, but receive less than their UIM limit due to the presence of multiple claimants, they could still recover under their UIM policy, and the coverage is not illusory.

Plaintiffs disagree with Progressive's analysis and claim that *Cummins* is no longer good law, relying on *Thurman v. Grinnell Mut. Reinsurance Co.*, 327 Ill. App. 3d 920, 927 (Ill. App. 5th Dist. 2002) and *Mercury Indem. Co. v. Kim*, 358 Ill. App. 3d 1, 13-14 (Ill. App. 1st Dist. 2005). Plaintiffs overlook the fact that those cases analyze an amended and outdated version of 215 ILCS 5/143a-2(4), effective January 1, 1997, which added the following language to the definition of "underinsured motor vehicle":

> However, the maximum amount payable by the underinsured motorist coverage carrier shall not exceed the amount by which the *limits* of the underinsured motorist coverage exceeds [sic] the *limits* of the bodily-injury liability insurance of the owner or operator of the underinsured motor vehicle.

215 ILCS 5/143a-2(4) (West 1998) (emphasis added).

Under this version of the statute, Illinois appellate courts in *Thurman* and *Mercury Indemnity Co.* determined that UIM coverage only applies when the *limits* of an insured's UIM coverage exceeds the *limits* of the at-fault driver's bodily injury policy. Thus, Plaintiffs argue, Progressive's minimum UIM coverage must be illusory because no circumstances exist where the limits of the UIM coverage will exceed the at-fault driver's bodily injury policy. Either the at-fault driver has the minimum insurance required by Illinois law and the UIM provision is not triggered, or the at-fault driver has less than the minimum insurance required and he or she is considered "uninsured" by Illinois law, triggering the Uninsured Motorist provision.

Were this version of the statute still in effect, the Court would likely agree with Plaintiffs. In 2004, however, 215 ILCS 5/143a-2(4) was amended yet again and the above language was removed from the definition of "underinsured motor vehicle," returning the definition to the version analyzed by the Illinois Supreme Court in *Cummins*. Plaintiffs acknowledge this amendment, but argue that the language in question was "simply moved to 215 ILCS 5/143a-2(7)."

The Court cannot agree with Plaintiffs that moving the "limits" language at issue to a different subsection of the statute has no effect on the interpretation of the statute.[2]

---

[2] Plaintiffs also cite extensively to *Keeling v. Esurance Ins. Co.*, No. 10-0835-DRH, 2012 WL 699580, at *1 (S.D. Ill. Mar. 1, 2012), a case with nearly identical facts filed by the same plaintiffs' counsel. In *Keeling*, however, Judge Herndon did not analyze the current 215 ILCS 5/143a-2(4) language or address the fact that the "limits" language was moved to 215 ILCS 5/143a-2(7) regarding an insured's right to pursue UIM coverage after a judgment or settlement. The *Keeling* court simply cited the *Thurman* court's holding (based on the older version of the statute) that where the limits of UIM coverage do not exceed the limits of the bodily injury liability coverage, there is no amount payable by the UIM carrier. Thus, the *Keeling* court held that the plaintiffs sufficiently alleged a scheme to provide illusory coverage. This Court cannot agree with the *Keeling* court's analysis given the current language of 215 ILCS 5/143a-2.

Section 143a-2(7) discusses judgments and settlements of claims and states, in relevant part:

> A judgment or settlement of the bodily injury claim in an amount less than the limits of liability of the bodily injury coverages applicable to the claim shall not preclude the claimant from making an underinsured motorist claim against the underinsured motorist coverage. . . . The maximum amount payable *pursuant to such an underinsured motor vehicle insurance settlement agreement* shall not exceed the amount by which the limits of the underinsured motorist coverage exceed the limits of the bodily injury liability insurance of the owner or operator of the underinsured motor vehicle.

215 ILCS 5/143a-2(7) (emphasis added).

Under this subsection, if a claimant settles with the at-fault driver's insurer for less than the limits of liability of the bodily injury coverage, then the claimant can still pursue UIM coverage from his or her own insurer up to the amount the UIM coverage exceeds the limits of the at-fault driver's bodily injury liability insurance. Contrary to Plaintiffs' assertion, moving the "limits" language was not meaningless but rather meaningful; it essentially codifies the holding in *Cummins* and ensures a claimant who settles with an at-fault driver can still collect the difference between that settlement amount and the limits of the claimant's UIM coverage. The provision also reflects the intent of UIM insurance to "fill the gap" between the benefits paid by the tortfeasor's insurance and the limit of UIM coverage in the claimaint's policy. *See Fid. & Cas. Co. v. Merridew,* 762 N.E.2d 570, 573–74 (Ill. 2001); *Koperski v. Amica Mutual Ins. Co.,* 678 N.E.2d 734, 737 (Ill. 1997) ("section 143a–2 must be construed to allow an insured to 'fill the gap' between the benefits paid by the culpable driver's liability carrier and the limit of underinsurance coverage specified in the insured's policy"); *Sulser v. Country Mut. Ins. Co.,* 591 N.E.2d 427, 430 (Ill. 1992); *see also Marroquin v. Auto–Owners Ins. Co.,* 245

Ill.App.3d 406, 409, 185 Ill. Dec. 394, 614 N.E.2d 528 (Ill. Ct. App. 1993) (denying underinsured motorist coverage to an insured who bargained for $50,000 of underinsured motorist coverage and recovered that amount from the negligent driver's policy despite the fact that the insured's injuries amounted to $150,000).

Finally, Plaintiffs argue that the policy language itself focuses upon the limits of coverage and ignores the amount the insured actually receives. The *Cummins* court addressed this same argument, noting that while "parties are generally free to enter into their own contracts, statutes in force at the time an insurance policy was issued are controlling," and "any conflict between statutory and insurance policy provisions will be resolved in favor of the statutory provisions." *Cummins*, 687 N.E.2d at1026 (citing *Bertini v. State Farm Mut. Automobile Ins. Co.*, 362 N.E.2d 1355 (1977)). Therefore, any conflict between the UIM statute and Progressive's policy language must be resolved in favor of 215 ILCS 5/143a-2, which permits claimants to recover the difference between the liability proceeds received and the UIM policy limits.

Reviewing the policy language at hand in light of the language of 215 ILCS 5/143a-2(4), the Court concludes that Progressive's minimum UIM coverage is not illusory. While there may be situations where a claimant is unable to recover under his or her minimum UIM policy, that does not mean he or she is *never* able to recover under it. There are certainly circumstances where a claimant may recover less than the minimum liability limits from the at-fault driver; the insured is then entitled to seek the difference, up to the UIM policy limits, from Progressive. That an insured chooses to purchase the minimum UIM coverage does not make it illusory; the "freedom of contract

includes the freedom to make a bad bargain." *SAMS Hotel Grp., LLC v. Environs, Inc.*, 716 F.3d 432, 438 (7th Cir. 2013).

Because Progressive's minimum UIM coverage is not worthless or illusory, Plaintiffs have failed to state a claim for a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, for fraudulent misrepresentation and/or omission, or for unjust enrichment. Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. Accordingly, Progressive's motion to dismiss is granted.

## CONCLUSION

For the reasons explained above, Defendant Progressive Direct Insurance Company's Motion to Dismiss (Doc. 25) is **GRANTED**. The case is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

DATED:   September 6, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**