IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUZANNE HALLIHAN and MICHAEL HALLIHAN, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:15-CV-01068-NJR-SCW |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On September 6, 2016, the Court granted Defendant's Motion to Dismiss for Failure to State a Claim and dismissed this action with prejudice. (Doc. 44.)

Federal Rule of Civil Procedure 54(d) states: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54. When the Court entered the Order dismissing the claims with prejudice, Defendant became the prevailing party, and nothing in the Order limited Defendant's ability to seek costs. "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997).

Defendant filed a Bill of Costs on September 12, 2016, seeking to recover two categories of costs: (1) "[f]ees of the Clerk," and (2) "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." (Doc. 46, at p. 1.) The total amount Defendant seeks is $7,396.21.

Plaintiffs filed objections to the Bill of Costs on September 27, 2016.[1] Plaintiffs assert that Defendant improperly seeks approximately $1,400.00 in "Realtime Services" and "Rough Draft" fees from the depositions of Michael Hallihan and Suzanne Hallihan. (Doc. 48, at p. 2.) These assertions are unfounded. Defendant specifically included a separate itemized list expressly excluding the cost for live draft and rough draft fees. (Doc. 46-1.) For example, the invoiced amount to Defendant by the vendor was $1,600.25, whereas the amount listed in the itemized Bill of Costs to Plaintiffs was only $1,073.75. That number is achieved by deducting the alleged offending "Realtime Services" from the vendor's invoice. *Compare* (Doc. 46-1) *with* (Doc. 46-2).

Plaintiffs also assert that additional items listed on the Bill of Costs are vague and do not facially fall into the category of 28 U.S.C. § 1920. The Court agrees that the following items are vague and do not facially appear to fall into the items authorized under the statute: (1) Litigation Package; (2) Exhibits Scanned—Searchable OCR; (3) Video—Media and Cloud Services; (4) Video—Digitizing & Transcript Synchronization; and (5) Media. (Docs. 46-2; 46-3; 46-4; 46-5; 46-6; 46-7.) As Defendant did not respond to the objections or provide any further explanation for these invoiced items, it is impossible for the Court to ascertain whether they fall within the necessary costs incurred for the litigation or whether they were incurred as a matter of convenience

---

[1] Plaintiffs did not object to the $400.00 filing fee assessed by this Court.

or personal preference for the attorneys. Accordingly, the Court sustains Plaintiffs' objections to the five listed items.

Finally, Plaintiffs contend that Defendant seeks to improperly "double recover" for both the preparation of a video deposition recording and a written transcript. Plaintiff point to the 2008 amendment to 28 USC § 1920, which changed the language in subsection (2) from "of the court reporter for all or any part of the stenographic transcript" to "for printed or electronically recorded transcripts." *Id.* Plaintiffs assert that the addition of the disjunctive "or" was put in place to specifically exclude a party from recovery for video transcripts and stenographic transcripts. (Doc. 48 at p. 3.)

Prior to the October 2008 amendment, courts interpreted the language "that fee of the court reporter for all or any part of the stenographic transcripts [are recoverable as costs]" in conjunction with Federal Rule of Civil Procedure 30(b) to specifically include recovery for the costs of video depositions.[2] *See Commercial Credit Equipment Corp. v. Stamps,* 920 F.2d 1361, 1368 (7th Cir. 1990); *see also Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997). A minority of courts strictly construed the statute and held that the costs for video depositions could not be recovered. *Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) ("We have observed that 28 U.S.C. § 1920(2) only allows for the recovery of fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case. There is no provision for videotapes of depositions.") (internal quotations omitted). In the face of this split, the statute was amended in 2008 to expressly authorize recovery for the cost of video depositions.

---

[2] Rule 30(b) specifically allows for video recording of depositions upon notice. *Id.*

The Seventh Circuit allowed parties, prior to the 2008 amendment, to recover the costs of video and stenographic transcripts when the parties demonstrated that they were reasonably necessary costs. *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699 (7th Cir. 2008). While the *Little* decision was issued prior to the October 2008 amendment to subsection 1920(2), the Seventh Circuit has never overturned the holding of that case. Plaintiffs' contention that the change in the statute demonstrates that the Seventh Circuit should revert back to the decision in *Commercial Credit* is misplaced. *See Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1363 (7th Cir. 1990). *Commercial Credit* and its progeny were based in part on the express language of Federal Rule of Civil Procedure 30(b)(4), requiring each party to bear its own expenses for transcript preparation. *Id.* The language requiring each party to bear its own transcription costs was removed in 1993. *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) ("The relevant provision, originally found in Rule 30(b)(4), was moved to Rule 30(b)(2)-(3) by the 1993 amendments…").

Plaintiffs' interpretation of the "or" in subsection (2) does not take into account the history behind the 2008 amendment. Based on the strong presumption presented by Rule 54 and the Seventh Circuit reasoning in *Little,* this Court finds that a prevailing party may recover for the costs of stenographic transcripts and video transcriptions but only to the extent that they can establish both were reasonably necessary for the preparation of the case. *Druckzentrum Harry Jung GmbH & Co. KG v. Motorola, Inc.*, No. 09-CV-7231, 2013 WL 147014, at *3 (N.D. Ill. Jan. 11, 2013); *see also Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782 (N.D. Tex. 2014) (providing a detailed analysis as to why

recovery of both printed transcripts and video recording depositions is authorized by the amended statute); *but see Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1090 (E.D. Mo. 2014) (denying recovery for both based on the word "or").

Here, Defendant has only offered an itemized invoice in support of its costs and has not responded to Plaintiffs' objections. As such, the Court finds Defendant cannot recover for both items. Indeed, it is not facially clear why a video deposition was necessary in a case involving the interpretation of an insurance policy. The Court will not engage in speculation to aid a party in recovery costs, thus Defendant may only recovery the costs of the written transcript.

The Clerk of the Court is **DIRECTED** to tax Plaintiffs $2,937.90 as costs under Rule 54(d).[3]

**IT IS SO ORDERED.**

**DATED:** December 22, 2016

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[3] The Court arrives at the $2,937.90 by deducting from the original $6,996.21, the vague costs mentioned above, as well as the costs for the preparation of the video depositions.